**FILED**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MAY 15 2007

DAVID CREWS, CLERK
By_____
Deputy

| | |
|---|---|
| DUSTIN STACY, ) | |
| as sole surviving heir of ) | Case No.: 1:07CV117-D-D |
| LINDA STACY, Deceased ) | |
| ) | [Pending transfer to MDL-1657 |
| Plaintiff, ) | (In re Vioxx Products Liability |
| ) | Litigation) and MDL-1699 (In re |
| vs. ) | Bextra and Celebrex Marketing, |
| ) | Sales Practices and Products |
| PFIZER, INC., MERCK & CO., INC., ) | Liability Litigation)] |
| JOHN DOE 1-5 and JOHN DOE A-E ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## NOTICE OF REMOVAL

TO:

Gregory D. Keenum, P.A.
Attorney at Law
616 Waldron Street
Corinth, MS 38834

ATTORNEY FOR THE PLAINTIFF

Joe Caldwell
P.O. Box 430
Corinth, MS 38835

ALCORN COUNTY CIRCUIT CLERK

PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby removes this action pursuant to 28 U.S.C. § 1332, 1441 and 1446 from the Circuit Court of Alcorn County, Mississippi, to the United States District Court for the Northern District of Mississippi, and respectfully states to this Court as follows:

1.  This is one of numerous personal injury cases that have been filed recently in both federal and state courts around the country concerning the pharmaceutical Vioxx®

("Vioxx"). On February 16, 2005, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation.* The Transfer Order directed that 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the United States District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. The 148 cases subject to the Transfer Order, while involving different and distinct facts, raise certain overlapping factual issues and allege similar legal theories. On March 4, 2005, the Panel issued Conditional Transfer Order No. 1 transferring additional federal district court cases, including nine pending in Mississippi, to the United States District Court for the Eastern District of Louisiana, pending opposition from any party. Merck intends to provide notice to the Panel, pursuant to J.P.M.L. Rule 7.5, of the pendency of this "tag-along" action.

2.   On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") also issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for cases involving Celebrex® and Bextra®. *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*, 391 F.Supp.2d 1377 (J.P.M.L. 2005). Accordingly, this case, with respect to Pfizer Inc. ("Pfizer," improperly captioned as "Pfizer, Inc."), is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. *See Rules of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001). Pfizer intends to file a Motion for Stay of all proceedings in this Court pending transfer.

3.   On or about March 21, 2007, Dustin Stacy, as sole surviving heir of Linda Stacy, Deceased ("plaintiff") commenced a civil action by filing a Complaint, bearing cause number CV07-137 PA, in the Circuit Court of Alcorn County, Mississippi. Merck and Pfizer

were served with process on April 17, 2007. Accordingly, Merck now timely removes this action within thirty days of service on the defendants pursuant to 28 U.S.C. § 1446(b).

4. For the reasons described below, removal of this action is proper because (1) Merck has satisfied the procedural requirements for removal and (2) this Court has jurisdiction over the State Court action pursuant to 28 U.S.C. § 1332.

I. **MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

5. Defendants were served with the Complaint on April 17 2007. This Notice of Removal, filed within 30 days of service on Merck, is timely pursuant to 28 U.S.C § 1446(b).

6. Upon information and belief, no further proceedings have been had in the State Court Action. A copy of the state court complaint is attached hereto as Exhibit 1.

7. The United States District Court for the Northern District of Mississippi, Eastern Division embraces the county in which the state court action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 104(b)(1) & 1441(a).

8. Pfizer has consented to this removal. See Certificate of Consent and Agreement to Join in Removal, attached hereto as Exhibit 2.

9. No previous application has been made for relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(d), defendant Merck is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

II. **REMOVAL IS PROPER IN THIS CASE BASED ON DIVERSITY JURISDICTION.**

11. As set forth below, this Court has subject matter jurisdiction over the State Court action pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity between plaintiff and Merck.

A. **The Amount In Controversy Exceeds $75,000.**

12. It is apparent on the face of the Complaint that plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. This is a product liability action allegedly arising out of the use of the prescription medications Celebrex®, Bextra® and Vioxx®. Plaintiff seeks punitive and treble damages. Complaint at Eleventh Count ¶¶ 2, 4. Federal courts sitting in diversity in Mississippi "routinely have held that unspecified claims for punitive damages serve to bring the amount in controversy over the requisite threshold set out in 28 U.S.C. § 1332." *Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) citing *Marcel v. Pool Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993). Furthermore, Courts considering similar alleged injuries arising of the decedent's alleged use of the same drug – Vioxx - have found the amount in controversy requirement of 28 U.S.C. § 1332 (diversity jurisdiction) to be satisfied and thus denied motions to remand. *See, e.g., Morgan v. Merck & Co.,* No. 3:03cv435WS, Order Denying Plaintiffs' Motion To Remand And Granting Defendants' Pending Motions (S.D. Miss. May 29, 2004); *Omobude v. Merck & Co.*, No. 3:03CV528LN, Memorandum and Order at 3 (S.D. Miss. Oct. 3, 2003); *Porter v. Merck & Co.*, No. 4:03CV12LN, Memorandum and Order at 2 (S.D. Miss. June 17, 2003).[1]

---

[1] Copies of the unpublished decisions in *Morgan, Omobude,* and *Porter,* along with their respective complaints, are attached hereto as Exhibits 3, 4, and 5, respectively.

**B.    There Is Complete Diversity Between Plaintiff and Defendants.**

13.    Upon information and belief, plaintiff and plaintiff's decedent, Linda Stacy, were, at the time this suit was filed and all other relevant dates, citizens of the State of Mississippi.[2]

14.    There is complete diversity between plaintiff, citizen of Mississippi; Merck, a citizen of New Jersey; and Pfizer, a citizen of Delaware and New York.

15.    Merck is, and was at the time of the filing of this lawsuit, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Therefore, Merck is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

16.    Pfizer is, and was at the time of the filing of this lawsuit, a corporation organized under the laws of the State of Delaware with its principal place of business in New York. Therefore, Pfizer is a citizen of Delaware and New York for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

17.    Plaintiff does not allege the citizenship of the fictitious defendants John Doe 1-5 and John Doe A-E. In any event, pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious defendants John Doe 1-5 and John Doe A-E "shall be disregarded" for purposes of removal. Accordingly, complete diversity exists among plaintiff and defendants.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of the State of Mississippi for Alcorn County, bearing cause number CV07-137 PA, to this Court, pursuant to 28 U.S.C. § 1441.

---

[2] Plaintiff's complaint does not provide a statement of jurisdiction as required by Fed. R. Civ. P. 8, demonstrating the grounds for the Mississippi court's jurisdiction.

DATED this 15th day of May, 2007.

    Respectfully submitted,

    BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

    */s/ Alyson Jones*
    CHRISTY D. JONES (MB #3192)
    CHARLES C. HARRELL (MB #3135)
    ANITA MODAK-TRURAN (MB #99422)
    J. KENNEDY TURNER, III (MS #8140)
    ALYSON B. JONES (MB # 101456)

    BUTLER, SNOW, O'MARA,
    STEVENS & CANNADA, PLLC
    17th FLOOR, AMSOUTH PLAZA
    210 EAST CAPITOL STREET
    PO BOX 22567
    JACKSON, MS 39225
    Telephone: (601) 948-5711
    Facsimile: (601) 985-4500

    Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via 1st-Class U.S. Mail, postage prepaid, upon the following counsel of record:

Gregory D. Keenum, P.A.
Attorney at Law
616 Waldron Street
Corinth, MS 38834

**ATTORNEY FOR THE PLAINTIFF**

Walter T. Johnson, Esq.
Joseph J. Stroble, Esq.
Joseph G. Baladi, Esq.
WATKINS & EAGER, PLLC
P.O. Box 650
Jackson, MS 39205-0650

**ATTORNEYS FOR DEFENDANT PFIZER INC.**

SO CERTIFIED this 15th day of May, 2007.

_____
ALYSON B. JONES

Jackson 2076999v.1