

**COPY**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL
DISTRICT OF HINDS COUNTY, MISSISSIPPI

FRANK OMOBUDE, INDIVIDUALLY
AND ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF
JOSEPHINE OMOBUDE, DECEASED

PLAINTIFF

VS.

NO. 2002-_____

MERCK & COMPANY, INC. AND
ROBERT M. EVANS, M.D.

DEFENDANTS

FILED DEC 31 2002
BARBARA DUNN
CIRCUIT CLERK    D.C.

## COMPLAINT

COMES NOW the Plaintiff, Frank Omobude, individually and on behalf of the wrongful death beneficiaries of Josephine Omobude, Deceased, in the above-styled and numbered cause, by and through his attorneys of record, and files this, his Complaint against the Defendants, and in support thereof would show unto the Court the following, to-wit:

1. This is a civil action brought on behalf of Plaintiff's decedent and the wrongful death beneficiaries of Plaintiff's decedent, who was prescribed and used the prescription medication VIOXX (Rofecoxib). This drug caused Plaintiff's decedent to suffer a series of strokes, edema, severe blood clotting, and other injuries and ultimately her death on or about August 23, 2002. This action seeks damages for personal injuries, including death pursuant to MS Code Ann. Sec. 11-7-13, and damages caused by the drug named herein and ingested by Plaintiff's decedent.

2. Plaintiff, Frank Omobude, is an adult resident of the First Judicial District of Hinds County, Mississippi and is the son of the Decedent, Josephine Omobude.

3. Plaintiff's decedent, Josephine Omobude, was as adult resident of the First Judicial District of Hinds County, Mississippi at the time of her death.

4. Josephine Omobude had five children and her marital status at the time of her death was divorced. Therefore, the wrongful death beneficiaries of Josephine Omobude are her children, Frank Omobude, Benjamin Omobude, Tony Omobude, Victor Omobude, and Isi Omobude.

5. Defendant, Merck & Co., Inc., (hereinafter "Merck") is a New Jersey corporation. At all times relevant hereto, Merck was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Vioxx (Rofecoxib). Defendant Merck may be served through its registered agent: CT Corporation System; 631 Lakeland East Drive; Flowood, Mississippi, 39208.

6. Defendant Robert Evans, M.D. is a physician licensed by the State of Mississippi with his residence and/or principal place of business in the First Judicial District of Hinds County, Mississippi and may be served at his business 1151 N. State Street Suite 601, Jackson, Mississippi 39202.

7. Venue is proper in the First Judicial District of Hinds County, Mississippi as the cause of action occurred in the First Judicial District of Hinds County, Mississippi.

8. Personal jurisdiction and subject matter jurisdiction are appropriate in this court as to all Defendants, as all Defendants have done business in the First Judicial District of Hinds County, either directly or by agent, and have thus availed themselves of this jurisdiction.

9. The Plaintiff's claim accrued in whole or in part in this judicial district and the Plaintiff resides in this judicial circuit. The claims of Plaintiff herein satisfy the jurisdictional amount of this court.

10. Vioxx is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Defendant Merck did manufacture, design, package, market and distribute this drug. This Defendant encouraged the use of this drug

in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. This Defendant aggressively marketed this drug directly to the consuming mediums; including, but not limited to, print and television advertisements. This Defendant did this to increase sales and profits.

11. At all times relevant hereto, Defendant Merck actually knew of the defective nature of its product as herein set forth, yet continued to design, manufacture, market, distribute and sell its product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by the product. Defendant's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's decedent's individual rights, and hence punitive damages are appropriate.

COUNT I

12. Plaintiff alleges all prior paragraphs of this complaint as if fully set out herein.

13. The pharmaceutical Vioxx (Rofecoxib) designed, manufactured, sold and/or supplied by one or more of these Defendants, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

14. Further, the pharmaceutical Vioxx designed, manufactured, distributed, sold and/or supplied by Defendants Merck was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign, both directly to the consuming public and indirectly to physicians through drug sales representatives.

15. The pharmaceutical Vioxx designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective due to inadequate testing.

16. Additionally Defendant Merck failed to provide timely and adequate post-marketing warnings or instructions after the manufacturer knew of the risk of injury from Vioxx, via post-marketing data. The defective nature of this product is a contributing cause of Plaintiff's decedent's injuries and death.

WHEREFORE, this Plaintiff demands judgment against Defendant Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

### COUNT II

17. Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

18. Defendant Merck had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce. Defendant Merck failed to exercise ordinary care in the design, manufacturer, marketing, sale testing and/or distribution of Vioxx into the stream of commerce. Defendant Merck knew or should have known that Vioxx created an unreasonable risk of bodily harm, including the risk of death.

19. Despite the fact that Defendant Merck knew or should have known that Vioxx caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, this Defendant continued to market, and to this day continues to market, Vioxx to the consuming public when there were and are adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

20. Defendant Merck knew or should have known that consumers such as Plaintiff's decedent would foreseeably suffer injury or death as a result of the Defendant's failure to exercise ordinary care as described herein. Defendant's negligence was a contributing cause of Plaintiff's decedent's injuries and death.

WHEREFORE, Plaintiff demands judgment against Defendant Merck in such an

amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT III

21. Plaintiff realleges all prior paragraphs of this complaint as if fully set out hereto.

22. Defendant Merck made express representations to the consuming public at large through its aggressive marketing and advertising campaigns relative to its product, Vioxx.

23. Defendant Merck, through its detail sales representatives, made representations regarding the safety and efficacy of its product, Vioxx.

24. Vioxx does not conform to the express representations made through Defendant Merck's advertising.

25. Vioxx does not conform to the express representations made by Defendant Merck's agents/sales representatives.

26. Defendants Merck's conduct in this matter was a contributing cause of the injuries and damages suffered by Plaintiff's decedent, including her death.

WHEREFORE, this Plaintiff demands judgment against Defendant Merck in such and amount of compensatory and damages as a jury deems reasonable, plus costs.

## COUNT IV

27. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

28. At the time Defendant Merck marketed, sold, and distributed Vioxx for use by the general consuming public, including Plaintiff's decedent, this Defendant knew of the use for which Vioxx was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

29. Plaintiff's decedent reasonably relied upon the skill and judgment of

Defendant Merck as to whether Vioxx was of merchantable quality, and safe and fit for its intended use.

30. Contrary to such implied warranty, Vioxx was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used described above.

31. Defendant's conduct in this regard was contributing cause of injuries and damages, including the death of Plaintiff's decedent.

WHEREFORE, this Plaintiff demands judgment against Defendant Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

### COUNT V

53. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

54. Defendant Merck negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx was safe and effective. Defendant represented Vioxx as safe so that the general consuming public, including Plaintiff's decedent in particular, would rely upon said representations when purchasing said products.

55. Prior to and following the introduction of Vioxx into the market as a prescribable pharmaceutical medication, Defendant Merck set in motion a public relations and advertising/marketing campaign to market its product to the general consuming public by way of press releases, print advertisement, mass mail out advertisements and TV advertising. Defendant Merck's representations made concerning Vioxx as a safe and effective drug were made so that Plaintiff's decedent, and the general consuming public, would rely on said representations and seek prescriptions for this drug from their treating physicians. In fact, Plaintiff's decedent did rely on Defendant Merck's representations in this regard.

60. At the time Defendant Merck made these representations, it was aware that these representations were false and/or made these representations with reckless disregard to their truth. As a result of Defendant's fraud and misrepresentation, Plaintiff's decedent suffered a premature death and Plaintiff has suffered and will continue to suffer the loss of his mother/decedent.

WHEREFORE, this Plaintiff demands judgment against Defendant Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT VI

61. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

62. Plaintiff's decedent sought the care and treatment of Defendant Robert M. Evans, M.D. (hereafter "Evans") for various ailments and maladies.

63. In relation to said care and treatment, Defendant Evans prescribed Vioxx.

64. Defendant Evans knew, or should have known, of the dangerous side effects of these medications, and his prescribing said medications in light of such knowledge presents a deviation from the standard of care generally exercised by physicians under like or similar circumstances and rises to the level of medical negligence.

65. Defendant Evans's medical negligence was a direct and proximate cause of the decedent's injuries and death.

WHEREFORE, this Plaintiff demands judgment against Defendant Evans in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## DAMAGES

66. Upon the trial of this case, it will be shown that Plaintiff's decedent was caused to sustain injuries and damages as a direct and proximate result of Defendants' actions; and Plaintiff will respectfully request the Court and jury to determine the amount of

loss Plaintiff has suffered and incurred, in the past and in the future. Plaintiff seeks damages for medical expenses; pain and suffering; emotional distress; loss of enjoyment of life; loss of the companionship, love and society of decedent; lost wages and other accumulations of decedent; and other such damages as may be shown at trial of this matter.

67. At all times relevant hereto, Defendant Merck actually knew of the defective nature of their product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this produce. Defendant Merck's conduct exhibits such an entire want of care as to establish that their actions were a results of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiff and the Plaintiff's decedent's individual rights. The Plaintiff, therefore, is separately and singularly entitled to punitive damages from the Defendant Merck.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein; that upon final trial herein, Plaintiffs recover damages as set forth above from Defendants, including cost of Court, pre-judgment and post-judgment interest at the legal rate, and that Plaintiffs have such other and further relief, general and special, to which they may be justly entitled under the facts and attending circumstances.

Respectfully submitted,

FRANK OMOBUDE, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF JOSEPHINE OMOBUDE, PLAINTIFF

BY _____
Attorneys for Plaintiff

SHANNON LAW FIRM, PLLC
James D. Shannon, MSB# 6731
Elise B. Munn, MSB# 9654
100 West Gallatin Street
Hazlehurst, Mississippi 39083
Telephone: 601-894-2202
Facsimile: 601-894-5033

## IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

DUSTIN STACY as sole surviving heir of
LINDA STACY, Deceased                                                   **PLAINTIFF**

vs.                                                  CIVIL ACTION NO. _CV07-137 PA_

PFIZER, MERCK & CO., INC.,
JOHN DOE 1 - 5 and JOHN DOE A - E                                       **DEFENDANTS**

## SUMMONS

### THE STATE OF MISSISSIPPI

**TO:** CT Corporation System, Registered Agent
Merck & Company, Inc.
645 Lakeland East Drive, Ste 101
Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Gregory D. Keenum, P.A., the attorney for the Plaintiff, whose address is 616 Waldron Street, Corinth, MS 38834. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the _13th_ day of _April_, 2007.

_Joe Caldwell_
Circuit Court Clerk

By: _Crystal Starling DC_
Deputy Clerk

(SEAL)

Corporation System
Lakeland For. Dr. Ste 01
...wood, MS




**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
04/17/2007
Log Number 512140554

**TO:** Ellen Gregg
Womble Carlyle Sandridge & Rice, PLLC
301 North Main Street, Suite 300
Winston-Salem, NC, 27101

**RE:** **Process Served in Mississippi**

**FOR:** Merck & Co., Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dustin Stacy, as sole surviving heir of Linda Stacy, Deceased, Pltf. vs. Pfizer, et al, Dfts., including Merck & Company, Inc. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Letter from Attorney, Summons, Complaint |
| **COURT/AGENCY:** | Alcorn County Circuit Court, MS Case # CV07-137 PA |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Wrongful Death due to product known as Vioxx. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/17/2007 postmarked: "Not Post Marked" |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | Gregory D. Keenum, P.A. 616 Waldron Street Corinth, MS, 38834 662-287-5251 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 791278942832 Email Notification, Debra A Bollwage DEBRA_BOLLWAGE@MERCK.COM Email Notification, Kristin L. Sunderman kristin_sunderman@merck.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 645 Lakeland East Drive Suite 101 Flowood, MS, 39232 |
| **TELEPHONE:** | 601-936-7400 |

WCS&R
APR 18 2007
RECEIVED

Page 1 of 1 / LR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

M00A627056