**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DUSTIN STACY,** | ) | |
| **as sole surviving heir of** | ) | |
| **LINDA STACY, Deceased** | ) | |
| | ) | **Case No.: 1:07cv117 GHD-JAD** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | |
| **PFIZER, INC., MERCK & CO., INC.,** | ) | |
| **JOHN DOE 1-5 and JOHN DOE A-E** | ) | |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

**ANSWER AND DEFENSES**
**OF DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck") submits the following Answer and Defenses to the Complaint of plaintiff Dustin Stacy, as sole surviving heir of Linda Stacy, Deceased, ("Complaint"), as follows:

**ANSWER**

Merck answers the allegations of the Complaint as follows, and denies each allegation in the Complaint except those expressly admitted below.

**RESPONSE TO "FIRST COUNT"**

1. Merck denies each and every allegation directed towards Merck in paragraph 1 of the Complaint, except admits it manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text. Merck further admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

2. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Merck denies each and every allegation directed towards Merck in the first paragraph 3 of the Complaint, except admits it manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text. Merck further admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

The allegations contained in the second sentence of paragraph 3 of the Complaint are not directed towards defendant, Merck. Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

4. Merck denies each and every allegation directed towards Merck in paragraph 4 of the Complaint.

5. Merck denies each and every allegation directed towards Merck in paragraph 5 of the Complaint.

6. Merck denies each and every allegation directed towards Merck in paragraph 6 of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

7. Merck denies each and every allegation directed towards Merck in paragraph 7 of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

8. Merck denies each and every allegation directed towards Merck in paragraph 8 of the Complaint.

9. Merck denies each and every allegation directed towards Merck in paragraph 9 of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

10. Merck denies each and every allegation directed towards Merck in the first and second paragraph of paragraph 10 of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 10 of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## RESPONSE TO "SECOND COUNT"

1. Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2. Merck denies each and every allegation directed towards Merck contained in paragraph 2 of the "Second Count" of the Complaint and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

3. The allegations contained in paragraph 3 of the "Second Count" of the Complaint, including subparagraphs (a)-(d), are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck in said paragraph and avers that it manufactured, marketed and distributed Vioxx in a

manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant law governing plaintiff's claims.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 4 of the "Second Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## RESPONSE TO "THIRD COUNT"

1.   Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2.   Merck denies each and every allegation directed towards Merck in paragraph 2 of the "Third Count" of the Complaint and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

3.   The allegations contained in paragraph 3 of the "Third Count" of the Complaint, including subparagraphs (a)-(b), are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck in said paragraph and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant law governing plaintiff's claims.

Merck denies each and every allegation directed towards Merck or pertaining to Vioxx in the paragraph beginning "WHEREFORE" and following paragraph 3 of the "Third Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## RESPONSE TO "FOURTH COUNT"

1.   Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2.   The allegations contained in paragraph 2 of the "Fourth Count" of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck in said paragraph and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

3.   Merck denies each and every allegation directed towards Merck in paragraph 3 of the "Fourth Count" of the Complaint and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 3 of the "Fourth Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## RESPONSE TO "FIFTH COUNT"

1.   Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2.   Merck denies each and every allegation directed towards Merck in paragraph 2 of the "Fifth Count" of the Complaint, except avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

3.   Merck denies each and every allegation directed towards Merck in paragraph 3 of the "Fifth Count" of the Complaint, including subparagraphs (a)-(b), except avers that it

manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant law governing plaintiff's claims.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 3 of the "Fifth Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## RESPONSE TO "SIXTH COUNT"

1. Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2. The allegations contained in paragraph 2 of the "Sixth Count" of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation directed towards Merck in said paragraph and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant law governing plaintiff's claims.

3. Merck denies each and every allegation directed towards Merck in paragraph 3 of the "Sixth Count" of the Complaint.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 3 of the "Sixth Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## **RESPONSE TO "SEVENTH COUNT"**

1. Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2. Merck denies each and every allegation directed towards Merck in paragraph 2 of the "Seventh Count" of the Complaint, except avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

3. Merck denies each and every allegation directed towards Merck in paragraph 3 of the "Seventh Count" of the Complaint, including subparagraphs (a)-(d), except avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant law governing plaintiff's claims.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 3 of the "Seventh Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## **RESPONSE TO "EIGHTH COUNT"**

1. Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2. The allegations contained in paragraph 2 of the "Eighth Count" of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck in said paragraph and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

3. Merck denies each and every allegation directed towards Merck in paragraph 3 of the "Eighth Count" of the Complaint and avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant law governing plaintiff's claims.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 3 of the "Eighth Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

### RESPONSE TO "NINTH COUNT"

1. Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2. Merck denies each and every allegation directed towards Merck in paragraph 2 of the "Ninth Count" of the Complaint, except avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

3. Merck denies each and every allegation directed towards Merck in paragraph 3 of the "Ninth Count" of the Complaint, including subparagraphs (a)-(b), except avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant law governing plaintiff's negligence claims.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 3 of the "Ninth Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## RESPONSE TO "TENTH COUNT"

1. Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2. Merck denies each and every allegation directed towards Merck in paragraph 2 of the "Tenth Count" of the Complaint.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 2 of the "Tenth Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## RESPONSE TO "ELEVENTH COUNT"

1. Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

2. Merck denies each and every allegation directed towards Merck in paragraph 2 of the "Eleventh Count" of the Complaint.

3. Merck denies each and every allegation directed towards Merck in paragraph 3 of the "Eleventh Count" of the Complaint.

4. Merck denies each and every allegation directed towards Merck in paragraph 4 of the "Eleventh Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

Merck denies each and every allegation directed towards Merck in the paragraph beginning "WHEREFORE" and following paragraph 2 of the "Eleventh Count" of the Complaint, except admits that plaintiff purports to state a claim for damages but denies that there is any legal or factual basis for said relief.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiff, Merck alleges as follows:

### FIRST DEFENSE

The claims of plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The claims of the plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### FOURTH DEFENSE

The claims of the plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### FIFTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### SIXTH DEFENSE

If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

## SEVENTH DEFENSE

To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## EIGHTH DEFENSE

To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff and/or decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## NINTH DEFENSE

If plaintiff and/or decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiff and/or decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH DEFENSE

If plaintiff and/or decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH DEFENSE

If plaintiff and/or decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by decedents' misuse or abuse of Vioxx.

## TWELFTH DEFENSE

If plaintiff and/or decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff and/or decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## THIRTEENTH DEFENSE

To the extent plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## FOURTEENTH DEFENSE

To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Mississippi law.

## FIFTEENTH DEFENSE

Plaintiff's claims of fraud are barred by reason of plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and Mississippi Rules of Civil Procedure.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## NINETEENTH DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## TWENTIETH DEFENSE

This case is more appropriately brought in a different venue.

## TWENTY-FIRST DEFENSE

Venue in this case is improper.

## TWENTY-SECOND DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### TWENTY-THIRD DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### TWENTY-FOURTH DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

### TWENTY-FIFTH DEFENSE

The claims of plaintiff may be barred, in whole and in part, by the doctrine of laches.

### TWENTY-SIXTH DEFENSE

The claims of plaintiff are barred, in whole or in part, by their failure to mitigate damages.

### TWENTY-SEVENTH DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### TWENTY-EIGHT DEFENSE

The claims of plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### TWENTY-NINTH DEFENSE

The claims of plaintiff may be barred, in whole or in part, by the governing state laws.

### THIRTIETH DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### THIRTY-FIRST DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

### THIRTY-SECOND DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for plaintiff's failure to provide it with due process of law.

### THIRTY-THIRD DEFENSE

To the extent that plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### THIRTY-FOURTH DEFENSE

To the extent that plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### THIRTY-FIFTH DEFENSE

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a) imposition of punitive damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b) imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c) imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)     imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## THIRTY-NINTH DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## FORTIETH DEFENSE

Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### FORTY-SECOND DEFENSE

Merck affirmatively pleads Miss. Code § 85-5-7 (1972), governing the law in Mississippi for joint tortfeasors, as by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

### FORTY-THIRD DEFENSE

To the extent that the plaintiff's claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code § 11-1-63 (1972), as by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

### FORTY-FOURTH DEFENSE

Plaintiff's claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through (c) (1972), as by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

### FORTY-FIFTH DEFENSE

Some or all of the damages alleged by plaintiff are barred by Miss. Code §§ 75-2-714, 715 (1972).

### FORTY-SIXTH DEFENSE

To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff lacks capacity and/or standing to bring such claims.

## FORTY-EIGHTH DEFENSE

Plaintiff's recovery if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others.

## FORTY-NINTH DEFENSE

Merck affirmatively asserts the requirements of Miss. Code Ann. § 11-7-13, which governs wrongful death actions.

Merck requests that plaintiff be denied the relief sought in the Complaint and that Merck be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper. Merck hereby gives notice that it intends to rely upon such defenses as may become available or appear during discovery proceedings in this case or that are included in the Multidistrict Litigation Proceeding before Judge Fallon of the Eastern District of Louisiana, and Merck reserves the right to amend its answer to assert any such defense.

**WHEREFORE, Merck prays for relief and judgment against plaintiff as follows:**

A. That plaintiff takes nothing by reason of the Complaint;

B. That this action be dismissed with prejudice;

C. That Merck recovers its fees, costs and attorneys' fees incurred herein; and

D. Such further and other relief as the Court deems proper.

DATED this 15th day of May, 2007.

Respectfully submitted,

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC


_____s/Alyson B. Jones_____
CHRISTY D. JONES (MB #3192)
CHARLES C. HARRELL (MB #3135)
ANITA MODAK-TRURAN (MB #99422)
J. KENNEDY TURNER, III (MB #8140)
ALYSON B. JONES (MB # 101456)

BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
17th FLOOR, AMSOUTH PLAZA
210 EAST CAPITOL STREET
PO BOX 22567
JACKSON, MS 39225
Telephone:  (601) 948-5711
Facsimile:  (601) 985-4500

Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2007, I electronically filed the foregoing with the Clerk of

the Court using the ECF system which sent notification to the following ECF participants:

    Gregory D. Keenum, P.A.
    Attorney at Law
    616 Waldron Street
    Corinth, MS 388834

    **ATTORNEY FOR THE PLAINTIFF**

    Walter T. Johnson, Esq.
    Joseph J. Stroble, Esq.
    Joseph G. Baladi, Esq.
    WATKINS & EAGER, PLLC
    P.O. Box 650
    Jackson, MS 39205-0650

    **ATTORNEYS FOR DEFENDANT PFIZER INC.**

    SO CERTIFIED this 15th day of May, 2007.


                     s/Alyson B. Jones
                     ALYSON B. JONES


Jackson 2078029v.1