## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**DUSTIN STACY, as the sole surviving heir of**
**LINDA STACY, Deceased**

**PLAINTIFF**

**CIVIL ACTION NO. 1:07CV117 GHD-JAD**

v.

**PFIZER, INC., MERCK & CO., INC.,**
**JOHN DOE 1 – 5, and JOHN DOE A – E**

**DEFENDANTS**

### DEFENDANT PFIZER INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer"), and files this its Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

### I.
### PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Decedent Linda Stacy ("Decedent") was prescribed or used Bextra® and Celebrex®. Accordingly, this Answer can only be drafted generally. Pfizer may seek leave to amend this Answer when discovery reveals the specific time periods in which Decedent was prescribed and used Bextra® and Celebrex®.

**II.**
**ORIGINAL ANSWER**

**Response to First Cause of Action**

1.      Answering Paragraph 1 of the First Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck & Co., Inc. ("Merck"), and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding whether Decedent used Bextra® and Celebrex®, and therefore denies the same.  Pfizer admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Pfizer denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage and denies the remaining allegations in this Paragraph of the Complaint.

2.      Answering Paragraph 2 of the First Cause of Action of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding whether Decedent used Bextra® and Celebrex®, and therefore denies the same.  Pfizer denies the remaining allegations in this Paragraph of the Complaint.

3.      Answering Paragraph 3 of the First Cause of Action of the Complaint, Pfizer states that allegations in this Paragraph are not directed toward Pfizer and, therefore, no response is required.

    Answering the unnumbered paragraph following Paragraph 3 of the First Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law

authorized to prescribe drugs in accordance with their approval by the FDA.  Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Pfizer denies that Bextra® and Celebrex® are defective, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

4.      Answering Paragraph 4 of the First Cause of Action of the Complaint, Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective, and denies the remaining allegations in this Paragraph of the Complaint.

5.      Answering Paragraph 5 of the First Cause of Action of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding whether Decedent used Bextra® and Celebrex®, and therefore denies the same.  Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

6.      Answering Paragraph 6 of the First Cause of Action of the Complaint, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding whether Decedent used Bextra® and Celebrex®, and therefore denies the same.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

7.    Answering Paragraph 7 of the First Cause of Action of the Complaint, Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

8.    Answering Paragraph 8 of the First Cause of Action of the Complaint, Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective or unreasonably dangerous, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

9.    Answering Paragraph 9 of the First Cause of Action of the Complaint, Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

10.    Answering Paragraph 10 of the First Cause of Action of the Complaint, Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

Answering the second unnumbered paragraph following Paragraph 10 of the First Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.    Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

### Response to Second Cause of Action

11.    Answering Paragraph 1 of the Second Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

12.    Answering Paragraph 2 of the Second Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Pfizer denies any wrongful conduct and denies the remaining allegations in this Paragraph of the Complaint.

13.    Answering Paragraph 3 of the Second Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury

or damage, and denies the remaining allegations in this Paragraph of the Complaint, including subparts a – d.

Answering the unnumbered paragraph following Paragraph 3 of the Second Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

### **Response to Third Cause of Action**

14.    Answering Paragraph 1 of the Third Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

15.    Answering Paragraph 2 of the Third Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Pfizer admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Pfizer denies the remaining allegations in this Paragraph of the Complaint.

16.    Answering Paragraph 3 of the Third Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1

– 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint, including subparts a and b.

Answering the unnumbered paragraph following Paragraph 3 of the Third Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

### Response to Fourth Cause of Action

17.    Answering Paragraph 1 of the Fourth Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

18.    Answering Paragraph 2 of the Fourth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Pfizer admits that it provided FDA-approved prescribing information

regarding Bextra® and Celebrex®, and denies the remaining allegations in this Paragraph of the Complaint.

19.     Answering Paragraph 3 of the Fourth Cause of Action of the Complaint, Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 3 of the Fourth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

**Response to Fifth Cause of Action**

20.     Answering Paragraph 1 of the Fifth Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

21.     Answering Paragraph 2 of the Fifth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Pfizer admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by

healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Pfizer denies the remaining allegations in this Paragraph of the Complaint.

22. Answering Paragraph 3 of the Fifth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint, including subparts a and b.

Answering the unnumbered paragraph following Paragraph 3 of the Fifth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

**Response to Sixth Cause of Action**

23. Answering Paragraph 1 of the Sixth Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

24.     Answering Paragraph 2 of the Sixth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective or unreasonably dangerous, and denies the remaining allegations in this Paragraph of the Complaint.

25.     Answering Paragraph 3 of the Sixth Cause of Action of the Complaint, Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective or unreasonably dangerous, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 3 of the Sixth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

### Response to Seventh Cause of Action

26.     Answering Paragraph 1 of the Seventh Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

27.      Answering Paragraph 2 of the Seventh Cause of Action of the Complaint, Pfizer states

that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John

Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.

Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately

described in their FDA-approved prescribing information, which at all times was adequate and

comported with applicable standards of care and law.  Pfizer admits that, during certain periods

of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be

prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

with their approval by the FDA.  Pfizer denies any wrongful conduct, denies that Bextra® and

Celebrex® are defective or unreasonably dangerous, and denies the remaining allegations in this

Paragraph of the Complaint.

28.      Answering Paragraph 3 of the Seventh Cause of Action of the Complaint, Pfizer states

that Bextra® and Celebrex® were and are safe and effective when used in accordance with their

FDA-approved prescribing information.  Pfizer states that the potential effects of Bextra® and

Celebrex® were and are adequately described in their FDA-approved prescribing information,

which at all times was adequate and comported with applicable standards of care and law.

Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective, denies

that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the

remaining allegations in this Paragraph of the Complaint, including subparts a – d.

Answering the unnumbered paragraph following Paragraph 3 of the Seventh Cause of

Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to

Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no

response is required.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex®

caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

**Response to Eighth Cause of Action**

29.    Answering Paragraph 1 of the Eighth Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

30.    Answering Paragraph 2 of the Eighth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer admits that it provided FDA-approved prescribing information regarding Bextra® and Celebrex®, and denies the remaining allegations in this Paragraph of the Complaint.

31.    Answering Paragraph 3 of the Eighth Cause of Action of the Complaint, Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 3 of the Eighth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

**Response to Ninth Cause of Action**

32.    Answering Paragraph 1 of the Ninth Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

33.    Answering Paragraph 2 of the Ninth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Vioxx®, and/or Merck, and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Pfizer admits that, during certain periods of time, it marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Pfizer denies any wrongful conduct and denies the remaining allegations in this Paragraph of the Complaint.

34.    Answering Paragraph 3 of the Ninth Cause of Action of the Complaint, Pfizer states that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Pfizer states that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® are defective, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 3 of the Ninth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to

-13-

Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

### Response to Tenth Cause of Action

35.     Answering Paragraph 1 of the Tenth Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

36.     Answering Paragraph 2 of the Tenth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer denies the remaining allegations in this Paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 2 of the Tenth Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, and/or John Doe A – E, such allegations are not directed toward Pfizer and, therefore, no response is required. Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

### Response to Eleventh Cause of Action

37.     Answering Paragraph 1 of the Eleventh Cause of Action of the Complaint, Pfizer incorporates by reference its responses to each paragraph of the Complaint as if fully set forth herein.

38.     Answering Paragraph 2 of the Eleventh Cause of Action of the Complaint, Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

39.     Answering Paragraph 3 of the Eleventh Cause of Action of the Complaint, Pfizer denies any wrongful conduct and denies the remaining allegations in this Paragraph of the Complaint.

40.     Answering Paragraph 4 of the Eleventh Cause of Action of the Complaint, Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 4 of the Eleventh Cause of Action of the Complaint, Pfizer states that, to the extent that allegations in this Paragraph refer to Merck and/or John Doe 1 – 5, and/or John Doe A – E, such allegations are not directed toward Pfizer and, therefore, no response is required.  Pfizer denies any wrongful conduct, denies that Bextra® and Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this Paragraph of the Complaint.

### III.
### GENERAL DENIAL

Pfizer denies all allegations and/or legal conclusions set forth in the Complaint that have not been previously admitted, denied, or explained.

### IV.
### AFFIRMATIVE DEFENSES

Pfizer reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Pfizer affirmatively shows that:

### First Defense

1.     The Complaint fails to state a claim upon which relief can be granted.

-15-

## Second Defense

2.    Bextra® and Celebrex® are prescription medical products. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Pfizer's labeling and warning of Bextra® and Celebrex® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Pfizer, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

## Third Defense

3.    At all relevant times, Pfizer provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

## Fourth Defense

4.    At all relevant times, Pfizer's warnings and instructions with respect to the use of Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

## Fifth Defense

5.    Pfizer hereby pleads all defenses contained in Miss. Code Ann. § 11-1-63 and invokes the provisions of Miss. Code Ann. § 85-5-7.

## Sixth Defense

6.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Pfizer.

## Seventh Defense

7.    Plaintiff's action is barred by the statute of response.

### Eighth Defense

8.    Plaintiff's claims against Pfizer are barred to the extent Plaintiff and/or Decedent was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

### Ninth Defense

9.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Pfizer.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Pfizer and for whose acts or omissions Pfizer is not liable in any way.

### Tenth Defense

10.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Pfizer cannot be liable.

### Eleventh Defense

11.    Any injuries or expenses incurred by Plaintiff and Decedent were not caused by Bextra® and Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Twelfth Defense

12.    Pfizer affirmatively denies that they violated any duty owed to Plaintiff or Decedent.

### Thirteenth Defense

13.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® and Celebrex® are prescription medical products,

available only on the order of a licensed physician. Bextra® and Celebrex® provided an adequate warning to Decedent's treating and prescribing physicians.

### Fourteenth Defense

14.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fifteenth Defense

15.    Bextra® and Celebrex® were at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Sixteenth Defense

16.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® and Celebrex® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

### Seventeenth Defense

17.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® and Celebrex® after the product left the control of Pfizer and any liability of Pfizer is therefore barred.

### Eighteenth Defense

18.    Plaintiff's and Decedent's alleged damages were not caused by any failure to warn on the part of Pfizer.

### Nineteenth Defense

19.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra® and Celebrex®.

### Twentieth Defense

20.    Plaintiff and Decedent knew or should have known of any risk associated with Bextra®
and Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twenty-first Defense

21.    Plaintiff is barred from recovering against Pfizer because Plaintiff's claims are preempted
in accordance with the Supremacy Clause of the United States Constitution and by the Federal
Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-second Defense

22.    Plaintiff's claims are barred in whole or in part under the applicable state law because the
subject pharmaceutical product at issue was subject to and received pre-market approval by the
Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-third Defense

23.    The manufacture, distribution and sale of the pharmaceutical product referred to in the
Complaint were at all times in compliance with all federal regulations and statutes, and
Plaintiff's causes of action are preempted.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part by the deference given to the primary
jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at
issue under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because there is no private right of action
concerning matters regulated by the Food and Drug Administration under applicable federal
laws, regulations, and rules.

### Twenty-sixth Defense

26.     Plaintiff's claims are barred in whole or in part because Pfizer provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-seventh Defense

27.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-eighth Defense

28.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Thirtieth Defense

30.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirty-first Defense

31.     The imposition of punitive damages in this case would violate Pfizer's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Mississippi, and would additionally violate Pfizer's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-second Defense

32.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Mississippi law.

### Thirty-third Defense

33.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-fourth Defense

34.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fifth Defense

35.    In the event that reliance was placed upon Pfizer's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Pfizer.

### Thirty-sixth Defense

36.    Plaintiff failed to provide Pfizer with timely notice of any alleged nonconformance to any express representation.

### Thirty-seventh Defense

37.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Pfizer's rights under the United States Constitution.

### Thirty-eighth Defense

38.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

## Thirty-ninth Defense

39.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Mississippi.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Pfizer; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 (1991), TXO Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); BMW of North America,

Inc. v. Gore, 519 U.S. 559 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408.

### Fortieth Defense

40.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Forty-first Defense

41.    The claims asserted in the Complaint are barred because Bextra® and Celebrex® were designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-second Defense

42.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Pfizer and over whom Pfizer had no control and for whom Pfizer may not be held accountable.

### Forty-third Defense

43.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® were not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-fourth Defense

44.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fifth Defense

45.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff and/or Decedent, and were independent of or far removed from Pfizer's conduct.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® did not proximately cause injuries or damages to Plaintiff and Decedent.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Pfizer's conduct.

### Forty-eighth Defense

48.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-ninth Defense

49.    The claims must be dismissed because Plaintiff would have taken Bextra® and Celebrex® even if the product labeling contained the information that Plaintiff contend should have been provided.

### Fiftieth Defense

50.    The claims asserted in the Complaint are barred because the utility of Bextra® and Celebrex® outweighed their risks.

### Fifty-first Defense

51.     Plaintiff's and Decedent's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-second Defense

52.     Pfizer's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Pfizer seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-third Defense

53.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-forth Defense

54.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra® and Celebrex®.  Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fifth Defense

55.    Pfizer reserve the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### Fifty-sixth Defense

56.    To the extent that Plaintiff relies upon any theory of breach of warranty, his claims are barred because Pfizer did not make or breach any express or implied warranties, Plaintiff failed to give reasonable notice to Pfizer of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

### Fifty-seventh Defense

57.    Any verdict or judgment rendered against Pfizer must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff and/or Decedent, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiff and/or Decedent may have settled his or her claims for alleged injuries and damages with certain parties.  Pfizer therefore is, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiff and/or Decedent and any such parties.

### Fifty-eighth Defense

58.    Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damage awards which  arise under the United States Constitution and decisions of the United States Supreme Court such as BMW of North America v. Gore, 116 U.S. 1589 (1996); Cooper Industries, Inc., v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); and State Farm Mut. Auto Ins. Co. v. Campbell, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

### Fifth-ninth Defense

59     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Pfizer, no act or omission was oppressive, fraudulent, or malicious, and therefore, any award of punitive damages is barred.

### Sixtieth Defense

60.    Plaintiff's claims are barred in whole or in part because all acts or omissions by Pfizer (or its agents or representatives) were privileged or justified and any claim based thereon is barred.

### Sixty-first Defense

61.    Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to bring such claims.

### V.
### JURY DEMAND

Pfizer demand a trial by jury as to all issues so triable.

### VI.
### PRAYER

WHEREFORE, Pfizer Inc. prays that Plaintiff take nothing by his suit, that Pfizer be discharged with its costs expended in this matter, and for such other and further relief to which Pfizer may justly be entitled.

Respectfully submitted,

By: /s/  *Walter T. Johnson*
     Walter T. Johnson (MBN 8712)
     Joseph J. Stroble (MBN 10779)

OF COUNSEL:

SOCHA, PERCZAK, SETTER & ANDERSON, P.C.
Charles Q. Socha (MBN 101382)
K. Michelle Anderson (MBN 101421)
Denver Financial Center Tower 1
1775 Sherman Street, Suite 1925
Denver, Colorado 80203
Telephone: (303) 832-7265
Facsimile: (303) 832-7438

WATKINS & EAGER, P.L.L.C.
400 East Capitol Street, Suite 300
Jackson, Mississippi 39205-0650
Telephone: (601) 948-6470
Facsimile (601) 354-3623

ATTORNEYS FOR PFIZER INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2007, I electronically filed the foregoing with the Clerk

of the Court using the ECF system which sent notification to the following ECF participants:

Gregory D. Keenum
GREGORY D. KEENUM, P.A.
616 Waldron Street
Corinth, Mississippi 38834

Alyson B. Jones
BUTLER, SNOW, O'MARA, STEVENS AND CANNADA, PLLC
210 E. Capitol Street
Post Office Box 22567
Jackson, MS  39225-2567

/s/  *Walter T. Johnson*
Walter T. Johnson